# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BODA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>　　　Defendant. | Case No. CV 12-5246 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

John Boda ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected his credibility. (Joint Stip. at 9-12, 16.) The Court agrees with Plaintiff for the reasons discussed below.

　　A.　<u>The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Credibility</u>

An ALJ may reject a claimant's credibility "only upon (1) finding evidence of

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

1  malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v.*
2  *Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  "General findings are insufficient;
3  rather, the ALJ must identify what testimony is not credible and what evidence
4  undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.
5  1995).
6       Here, the ALJ provided two reasons in support of his credibility
7  determination.  The Court discusses – and rejects – each in turn.
8       First, the ALJ found that Plaintiff has "unremarkable daily functioning."  (AR
9  at 29.)  In particular, Plaintiff routinely "cleans his room, attends meetings, prepares
10  his meals, does his shopping, clean[s,] . . . [does his] laundry, . . . uses public
11  transportation, walks all over the place, and stands in line for long periods of time."
12  (*Id.*)  Notably, Plaintiff also accomplishes these tasks without any assistance.  (*Id.*)
13       But such daily, and often necessary, activities are not typically grounds to
14  discredit a claimant.  *See Lewis v. Apfel*, 236 F.3d 503, 516 (9th Cir. 2001)
15  (specifically referencing "taking care of oneself, household tasks, hobbies, school
16  attendance, club activities, [and] social programs").  Granted, in assessing a
17  claimant's credibility, an ALJ may, as Defendant asserts, consider "whether the
18  claimant engages in daily activities inconsistent with [their] alleged symptoms."
19  (Joint Stip. at 15 (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)).)
20  However, here, the ALJ noted no such inconsistencies, and none are apparent.[2/]  *See*
21  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (reviewing court may only
22  address those reasons raised by the ALJ in his decision).  Thus, this reason fails to
23  pass muster.
24
25
26  ─────────────────
27     [2/]  It is worth emphasizing at this point that, under the "clear and convincing"
    standard, there must be some explanation of how Plaintiff's daily activities
28  undermine the specific limitations alleged by him.  *See Lester*, 81 F.3d at 834.

1    Second, the ALJ found that the severity of Plaintiff's symptoms, both physical
2 and mental, are not supported by the objective medical evidence. (AR at 29.) True,
3 with respect to his mental symptoms, Plaintiff's treatment records reveal only
4 complaints of anxiety medicated by a prescription for Paxil from his general
5 practitioner. (*Id.*; *see* AR at 193-266.) And though unexplained failures to seek
6 proper treatment can cast doubt on the alleged severity of a condition, that reason is
7 not applicable in the mental health context because the mentally ill "often do not
8 recognize that their condition reflects a potentially serious mental illness." *Van*
9 *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996).
10   Further, putting this error aside, the invalidity of the ALJ's first reason now
11 forecloses any rejection based on a lack of supporting objective evidence. *See*
12 *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (an ALJ "may not reject a
13 claimant's subjective complaints based solely on a lack of objective medical
14 evidence to fully corroborate the alleged severity of pain.") Thus, as to this ground,
15 the ALJ's credibility determination is inadequate.
16   Accordingly, for the reasons stated above, the Court determines that the ALJ
17 improperly discredited Plaintiff.
18       B.    Remand is Warranted
19   With error established, this Court has discretion to remand or reverse and
20 award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no
21 useful purpose would be served by further proceedings, or where the record has been
22 fully developed, it is appropriate to exercise this discretion to direct an immediate
23 award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
24 But where there are outstanding issues that must be resolved before a determination
25 can be made, or it is not clear from the record that the ALJ would be required to find
26 plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
27 *See id.* at 594.
28       Here, there are outstanding issues which must be resolved before a final

1  determination can be made.  On remand, the ALJ shall reconsider Plaintiff's
2  subjective complaints and the resulting functional limitations, and either credit
3  Plaintiff's testimony or provide clear and convincing reasons supported by
4  substantial evidence for rejecting them.
5      Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
6  **REVERSING** the decision of the Commissioner denying benefits and
7  **REMANDING** the matter for further administrative action consistent with this
8  decision.[3/]

10  Dated: April 30, 2012

   _____
12                 Hon. Jay C. Gandhi
13                 United States Magistrate Judge

---

[3/]  In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention.  (*See* Joint Stip. at 4-6, 8-9.)