UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | LA CV 12-5246 JCG | Date | May 26, 2015 |
|---|---|---|---|
| Title | *John Boda v. Carolyn W. Colvin* | | |

| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | |
|---|---|---|
| Kristee Hopkins | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Petitioner:   Attorneys Present for Respondent:

None Appearing   None Appearing

**Proceedings:**   **(IN CHAMBERS) ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1383(d)**

Pending before the Court are John Boda ("Plaintiff")'s counsel Marc V. Kalagian ("Counsel")'s Amended Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1383(d) ("Motion"), and Carolyn W. Colvin ("Defendant")'s response. [*See* Dkt. Nos. 24-25.]

For the reasons stated below, the Court **GRANTS** Counsel's Motion.

In short, this Motion arises from a social security action challenging Defendant's decision to deny supplemental security income ("SSI") to Plaintiff. On April 30, 2013, the Court reversed and remanded this matter for further administrative proceedings. [Dkt. Nos. 15-16.]

On remand, Plaintiff was found disabled, and awarded $52,966.00 in retroactive benefits. (Mot., Kalagian Decl. at ¶ 4.) On May 29, 2014, Defendant issued a notice ("Notice") indicating that $13,702 had been repaid to the Department of Public Social Services for interim assistance benefits, reducing Plaintiff's award to $39,264.00.[1] [*See* Dkt. No. 23-1.]

Now, Counsel requests a total of $9,000.00 in attorney fees under § 1383(d) for his work to date. (Mot. at 4.) This sum covers 19.4 attorney hours. (*Id.*)

---

[1] In the Notice, Defendant also stated that $6,000 had been paid to Counsel, further reducing Plaintiff's award. (Notice at 1.) However, Counsel represents that he has not received this payment. (Mot., Kalagian Decl., ¶ 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 12-5246 JCG | Date | May 26, 2015 |
|---|---|---|---|
| Title | *John Boda v. Carolyn W. Colvin* | | |

Section 1383(d)(2) governs the distribution of awards in SSI cases, and operates by incorporating its Disability Insurance Benefits counterpart, 42 U.S.C. § 406, by reference.

Under § 406(b), the Court may grant a reasonable fee to a disability claimant's attorney, provided that it does not exceed 25 percent of the total award. 42 U.S.C. § 406(b)(1)(A).

Six reasons suggest that Counsel's request is, in fact, reasonable.

First, and foremost, the Court notes that Plaintiff agreed, *in writing*, to Counsel receiving 25 percent of his award.[2] (Mot., Exh. 1.) Through Counsel's efforts, Plaintiff was ultimately awarded $39,264.00 in retroactive benefits. (*See* Mot., Kalagian Decl., ¶ 4.) Therefore, by contract, Counsel is entitled to $9,000.00 of the retroactive benefits.[3]

Notably, in *Gisbrecht v. Barnhart*, the Supreme Court explained that § 406(b) is meant "to control, not to displace" contingent fee agreements. 535 U.S. 789, 793 (2002). While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingency agreements are "*the primary means by which fees are set*" for the successful representation of disability claimants. *Id.* at 807 (emphasis added).

Second, the Court recognizes that Counsel obtained a favorable result for Plaintiff (*i.e.*, remand for further administrative proceedings, and the ultimate award of retroactive benefits).

Third, the time expended by Counsel in this case, 19.4 hours, falls within the acceptable range. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases supporting a "twenty to forty hour benchmark" for social security fee awards) (citation omitted).

---

[2]  Without belaboring the obvious, it should also be noted that Counsel assumed the risk of nonpayment and would receive his 25 percent fee only if Plaintiff received benefits by a decision of the Social Security Administration or by judgment of this Court. *See Hardin v. Astrue*, 2009 WL 1808462, at *2 (C.D. Cal. June 23, 2009).

[3]  Notably, Counsel seeks *less* than 25 percent of Plaintiff's total award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 12-5246 JCG | Date | May 26, 2015 |
|---|---|---|---|
| Title | *John Boda v. Carolyn W. Colvin* | | |

Fourth, Counsel's effective hourly rate of $463.92 is reasonable. (Mot. at 6); *see, e.g.*, *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (canvassing § 406(b) cases, and observing that courts have approved de facto hourly rates ranging from $187.55 to $694.44); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1169-71 (C.D. Cal. 2006) (reviewing cases approving awards at rates of up to $982.00 per hour); *Villa v. Astrue*, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fees exceeding $1,000.00 per hour).

Fifth, Defendant does not allege that Counsel was responsible for any delays, or that the quality of his representation was substandard. *See Gisbrecht*, 535 U.S. at 808 (holding that a reduction of fees may be appropriate if there were any delays or if the representation was substandard).

Sixth, Plaintiff had the opportunity to oppose Counsel's Motion, but chose not to do so.

Thus, based on the above, the Court finds that the requested fees are not so inordinately large as to represent a windfall for Counsel. Moreover, the Court finds no reason to conclude that Counsel's fees are unreasonable.

Accordingly, IT IS ORDERED THAT:

1. Counsel's Motion, [Dkt. No. 24], is **GRANTED**.

2. Counsel's original motion for attorney's fees, [Dkt. No. 19], is **DENIED AS MOOT**.

3. Judgment shall be entered awarding attorney's fees in the amount of $9,000.00. In light of the previous payment of EAJA fees, Counsel shall reimburse Plaintiff in the amount of $2,800.00.

*It is so ordered.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV 12-5246 JCG | Date | May 26, 2015 |
| Title | *John Boda v. Carolyn W. Colvin* | | |

cc: Parties of Record

|  |  |  |
|---|---|---|
|  | 00 | : 00 |
| Initials of Clerk | kh | |